PAMELA K. GRAHAM, State Bar No. 216309
PGraham@chwlaw.us
JOHN A. ABACI, State Bar No. 166493
JAbaci@chwlaw.us
VERNETRA L. GAVIN, State Bar No. 343574
VGavin@chwlaw.us
**COLANTUONO, HIGHSMITH & WHATLEY, PC**
670 West Napa Street, Ste. F
Sonoma, CA 95476-6483
Telephone: (707) 986-8081
Facsimile: (707) 509-7295

Attorneys for Defendants
**COUNTY OF HUMBOLDT, HUMBOLDT COUNTY BOARD OF SUPERVISORS, HUMBOLDT COUNTY PLANNING AND BUILDING DEPARTMENT, VIRGINIA BASS, MIKE WILSON, REX BOHN, MICHELLE BUSHNELL, AND JOHN H. FORD**

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### EUREKA DIVISION

| | |
|---|---|
| CORRINE MORGAN THOMAS and DOUG THOMAS, a married couple; BLU GRAHAM; and RHONDA OLSON, on behalf of themselves and all other similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF HUMBOLDT, CALIFORNIA; HUMBOLDT COUNTY BOARD OF SUPERVISORS; HUMBOLDT COUNTY PLANNING AND BUILDING DEPARTMENT; VIRGINIA BASS, MIKE WILSON, REX BOHN, MICHELLE BUSHNELL, and STEVE MADRONE, in their official capacity as Supervisors of Humboldt County; and JOHN H. FORD in his official capacity as Planning and Building Director,<br><br>Defendants. | **Case No.: 1:22-cv-05725-RMI**<br><br>Assigned to the Magistrate Judge Robert M. Illman<br><br>**REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAITIFFS' COMPLAINT**<br><br>[Motion to Dismiss Plaintiffs' Complaint; [Proposed] Order ISO Motion to Dismiss; Declaration of Pamela Graham; [Proposed] Order ISO Request for Judicial Notice, filed concurrently herewith]<br><br>Date:     Tuesday, January 10, 2023<br>Time:    11:00 a.m.<br>Ctrm:    Eureka Courthouse<br><br>Trial Date:   None Set |

# REQUEST FOR JUDICIAL NOTICE

In support of this concurrently filed Motion to Dismiss Plaintiffs' Complaint, Defendants County of Humboldt, California; Humboldt County Board of Supervisors, Humboldt County Planning and Building Department; Virginia Bass, Mike Wilson, Rex Bohn, Michelle Bushnell, Steve Madrone, and John H. Ford (collectively "Defendants") hereby requests this Court take judicial notice under Federal Evidence Code section 201 of the following documents in support of this Motion:

## I.  LEGISLATIVE ENACTMENTS

1. Humboldt County Code Section 331-28, attached here as **Exhibit E**

2. Humboldt County Code Section 314-55, attached here as **Exhibit F.**

3. Humboldt County Code Section 331-14, attached here as **Exhibit X.**

4. Humboldt County Code Section 521-10, attached here as **Exhibit Y.**

5. Humboldt County Code Section 352, attached here as **Exhibit NN.**

## II.  OFFICIAL COUNTY DOCUMENTS

6. Grant Deed dated July 27, 2021 from Summerville Creek, LLC to Plaintiffs Corrine and Doug Thomas (Thomases) for property at 274 Lower Cathey Lane, Miranda, CA (Thomases Property), attached here as **Exhibit B.**

7. Notice of Violation and Proposed Administrative Penalty dated August 26, 2021, to Summerville Creek, LLC for violations at Thomases property (with attachments), attached here as **Exhibit C.**

8. Notice To Abate Nuisance and Notice of Violation Service Letter to Summerville Creek, LLC for violations at Thomases Property and Notice to Abate Nuisance to Summerville Creek, LLC, both dated August 26, 2021, attached here as **Exhibit D.**

9. Administrative Civil Penalty Appeal Hearing Request Form submitted to Humboldt County (County) for Thomases Property dated September 2, 2021, attached here as **Exhibit I.**

10. Compliance Agreement between Thomases and County executed November 2021, attached here as **Exhibit J.**

Colantuono, Highsmith & Whatley, PC
790 E. Colorado Boulevard, Suite 850
Pasadena, California 91101-2109

11. County Planning and Building Department Policy Statement 22-04 and report submitted for Board of Supervisors March 22, 2022 meeting on Department's request for direction on policy, attached here as **Exhibit K.**

12. Notice of Violation and Proposed Administrative Penalty dated May 10, 2018, to Jesica Modic and Plaintiff Blu Graham (Graham) for violations at the property of 2899 Chemise Mountain Road, Selter Cove, CA (Graham Property) (with attachments), attached here as **Exhibit L.**

13. Notice to Abate Nuisance dated May 10, 2018, to Jesica Modic and Graham for the Graham Property (with attachments), attached here as **Exhibit M.**

14. Notice to Abate Nuisance and Notice of Violation Service Letter dated May 10, 2018, to Jesica Modic and Graham with copies of Notices , attached here as **Exhibit N.**

15. Summary report of investigation and administrative proceedings that are the subject of the notices described in paragraphs 12 through 14 above (Exhibits L through N), attached here as **Exhibit O.**

16. Compliance Agreement proposed by the County to Modic and Graham in September 2021 in the administrative proceedings that are the subject of the Notice described in paragraph 12 above (Exhibit L), attached here as **Exhibit P.**

17. County Advisement regarding permits for Graham and related correspondence from Graham's attorney including Request for Administrative Appeal Hearing signed and dated May 21, 2018 in the administrative proceedings that are the subject of the Notice described in paragraph 12 above (Exhibit L), attached here as **Exhibit R.**

18. Notice of Administrative Civil Penalty Hearing to Graham for administrative proceedings that are the subject of the Notice described in paragraph 12 above (Exhibit L), attached here as **Exhibit S.**

19. Settlement Packet records containing the terms of settlement between Graham and County of administrative proceedings that are the subject of the Notice described in paragraph 12 above (Exhibit L), attached here as **Exhibit V.**

20. Grading Permit for Graham Property signed October 3, 2022, described within Exhibit V, attached here as **Exhibit W.**

21. Service Letter and Notice of Violation and Proposed Administrative Penalty and Notice to Abate Nuisance for violations on the property at 1133 Red Cap Road, Orleans, CA to Paul Zaccardo, all of which dated April 18, 2018, attached here as **Exhibit Z.**

22. Notice of Violation and Proposed Administrative Penalty for violations on the property at 1030 Red Cap Road, Orleans, CA to Lb 4 Lb Corp, dated September 30, 2020 (with attachments), attached here as **Exhibit BB.**

23. Notice of Violation and Proposed Administrative Penalty for violations on the property at 1133 Red Cap Road, Orleans, CA to Paul Zaccardo, dated September 30, 2020 (with attachments), attached here as **Exhibit CC.**

24. Notice of Violation and Proposed Administrative Penalty for violations on the property at 1133 Red Cap Road to Plaintiff Rhonda Olson (Olson), dated April 21, 2022 (with attachments), attached here as **Exhibit FF.**

25. Administrative Civil Penalty Appeal Hearing Request Form submitted by or on behalf of Olson in the administrative proceedings that are the subject of the Notices described within paragraphs 24 and 26 (Exhibits FF and JJ, attached here as **Exhibit GG.**

26. Notice to Abate Nuisance for violations on the property at 1133 Red Cap Road to Olson dated April 21, 2022 (with attachments), attached here as **Exhibit JJ.**

27. County Safe Home Program information, application, and forms posted on County website, attached here as **Exhibit OO.**

28. Grant Deed dated September 4, 2020, from Paul Zaccardo and Lb 4 Lb Corp. to Olson for property at 1030 and 1133 Red Cap Road, Orleans, CA, attached here as **Exhibit PP.**

29. Quitclaim Deed dated September 10, 2020 from Olson to Olson for property at 1030A Red Cap Road, Orleans, CA, attached here as **Exhibit QQ.**

### III. LAW ENFORCEMENT RECORDS

30. Inspection Consent for Thomases, attached here as **Exhibit G.**

31. Inspection Report for Thomases, attached here as **Exhibit H.**

32. Report of execution of search warrant on August 20, 2020, at properties located at 1133, 1271, and 1087 Red Cap Road, Orleans, CA, attached here as **Exhibit AA.**

## IV. COURT DOCUMENTS

33. Ruling and Order filed October 18, 2022 in *White Circle Commerce, LLC v. County of Humboldt*, Humboldt County Superior Court Case No. CV2000623 (consolidated with CV 2000513), attached here as **Exhibit LL.**

## V. PHOTOGRAPHS

34. Realtor Photographs of Thomases Property, attached here as **Exhibits A.**

## VI. CORRESPONDENCES

35. Email communications regarding cannabis violation removal and no penalty agreement for Graham in the administrative proceedings that are the subject of this action, attached here as **Exhibit T.**

36. Email communications of Graham's settlement acceptance in the administrative proceedings that are the subject of this action, attached here as **Exhibit U.**

37. Email communications regarding Olson's property violations in the administrative proceedings that are the subject of this action, attached here as **Exhibit DD.**

38. Email communications regarding County's response to Final Remediation Plan in the administrative proceedings that are the subject of this action, attached here as **Exhibit II.**

39. Email communications regarding Olson's inaction and re-notice decision in the administrative proceedings that are the subject of this action, attached here as **Exhibit KK.**

40. Email communications between Thomases attorney and County regarding Department Policy Statement 22-04 in the administrative proceedings that are the subject of this action, attached here as **Exhibit MM.**

41. Letter to County from Engineer for Graham in the administrative proceedings that are the subject of this action, attached here as **Exhibit Q.**

42. Initial Plan for Restoration of Olson property from Olson's consultant in the administrative proceedings that are the subject of this action, attached here as **Exhibit EE.**

43. Final Remediation Plan for Olson property from Olson's consultant in the administrative proceedings that are the subject of this action, attached here as **Exhibit HH.**

44. Settlement Packet for Graham that includes email correspondence stating terms of settlement of the administrative proceedings that are the subject of this action, attached here as **Exhibit V.**

# MEMORANDUM

## I.   THE COURT MAY TAKE JUDICIAL NOTICE OF LOCAL ORDINANCES

The Court may take judicial notice of **Exhibits E, F, X, Y**, and **NN** under Federal Rules of Evidence Rule 201(b), which allows judicial notice of facts "not subject to reasonable dispute in that it is capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Public government records, a category that includes local government ordinances and codes, contain readily confirmable public knowledge, and thus fall under Rule 201(b). *Santa Monica Food Not Bombs v. City of Santa Monica*, 450 F.3d 1022, 1025 n. 2 (9th Cir. 2006). Municipal ordinances and codes are appropriate records for judicial notice. *Tollis, Inc. v. Cty. of San Diego*, 505 F.3d 935, 938 n. 1 (9th Cir. 2007); *Krage v. City of Lakewood*, 2020 WL 6694327 at *11 (Sept. 18, 2020 C.D. Cal, Case No. 2:19-cv-06069-DOC-SHK). **Exhibits E, F, X, Y**, and **NN** are relevant here to show Humboldt County Code enactments, including the administrative proceedings that they are challenging, and the Code sections cited that are the subject of these administrative proceedings.

## II.   THE COURT MAY TAKE JUDICIAL NOTICE OF COUNTY DOCUMENTS

The Court may also take judicial notice of **Exhibit B, C, D, I, J, K, L, M, N, O, P, R, S, V, W, Z, BB, CC, FF, GG, JJ, OO, PP,** and **QQ** through Federal Rule of Evidence 201(b). Fed. R. Evid. 201(b) (taking judicial notice of facts that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned"). The Court may take judicial notice of "records and reports of administrative bodies," including the reports generated and relied on by municipal legislative bodies. *Barron v. Reich*, 13 F.3d 1370, 1377 (9th Cir. 1994); *Apartment Ass'n of Los Angeles County, Inc. v. City of Los Angeles*, 10 F.4th 905, 910, fn. 2 (9th Cir. 2021).

**Exhibits C, D, L, M, N, S, Z, BB, CC, FF,** and **JJ** are notices and Humboldt's records. Notices are relevant because they state the violations that are the subject of the administrative proceedings and the procedures that will be applied in the administrative proceedings to apprise the

Plaintiffs of their rights during the proceedings and the underlying facts of the allegations and potential penalties that may be imposed. Such notices provided Plaintiffs their due process rights. **Exhibits I** and **GG** are appeal request forms submitted by Plaintiffs to request an appeal hearing for the proposed administrative penalties and are relevant to Plaintiffs' claims regarding their right to an administrative hearing. **Exhibit W** is a permit that was issued to Graham as a term of settlement of the administrative proceeding which he challenges; **Exhibit V** is a settlement packet containing the formal terms of settlement of the administrative proceeding that Graham challenges. Both are relevant to Graham's claims and cannot be reasonably questioned. Humboldt also relied on **Exhibit O**, a report on satellite data and permit records, which is relevant to Humboldt's asserting violations against Graham and Graham's claims against Defendants.

**Exhibits K** and **OO** are policy statements, and they are relevant to support existing procedures that were discussed with Plaintiffs or on their behalf as available measures to help resolve their violations during the administrative proceedings that they challenge. **Exhibits J** and **P** are Compliance agreements; these records are relevant to show the agreements made between County and Plaintiffs to resolve the administrative proceedings that they are challenging. **Exhibits PP** and **QQ** are public record grant deeds relevant to show Olson's purchase of properties subject to the administrative proceedings that are being challenged; **Exhibit B** is relevant to show the Thomases' purchase of property subject to the administrative proceedings that are being challenged.

## III. THE COURT MAY TAKE JUDICIAL NOTICE OF LAW ENFORCEMENT RECORDS

The Court may notice the Humboldt County Inspection Consent in **Exhibit G**, Inspection Report in **Exhibit H**, and Search Warrants in **Exhibit AA** as a public record not reasonably subject to dispute. The Court "may take judicial notice of records and reports of administrative bodies." *Interstate Nat. Gas Co. v. S. California Gas Co.*, 209 F.2d 380, 385 (9th Cir. 1953). Here, Defendants do not offer the Thomases' consent and the Inspection report for the truth of any matter contained therein, but rather to show the activities occurring between the County and Plaintiffs leading to and during the administrative proceedings that the Plaintiffs challenge. *See Lee v. City of Los Angeles*, 250 F.3d 668, 689–90 (9th Cir. 2001) (documents containing disputed and undisputed

facts may be noticed for undisputed facts alone); *Marsh v. San Diego Cty.,* 432 F. Supp. 2d 1035, 1044 (S.D. Cal. 2006) (taking notice of existence of crime report).

Publicly filed records, such as **Exhibit AA**, are the proper subjects of judicial notice, too. *See, e.g., United States v. Black*, 482 F.3d 1035, 1041 (9th Cir. 2007). Courts routinely take judicial notice of warrants and other court records. *Chavez v. City of California*, No. 1:19-cv-00646-DAD-JLT, 2020 WL 1234503, at *3 (E.D. Cal. Mar. 13, 2020); *Bagely v. City of Sunnyvale*, No. 16-CV-02250-LHK, 2017 WL 344998, at * 8 (N.D. Cal. Jan. 24, 2017) (notice taken of arrest warrant arising from false 911 calls). **Exhibit AA,** documents execution of a search warrant at Plaintiff Olson's property leading to the administrative proceedings that are being challenged in this action.

## IV.   THE COURT MAY TAKE JUDICIAL NOTICE OF COURT DOCUMENTS

The Court may take judicial notice of **Exhibits LL** as a record of another court. Fed. R. Evid. 201(b) (taking judicial notice of facts that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned"). Court decisions, among other court documents, are publicly filed records, and as such are "proper subjects of judicial notice." *Shetty v. Cwalt, Inc.,* No. 17-CV-02980-LHK, 2017 WL 3394161 (N.D. Cal. Aug. 8, 2017), *aff'd,* 735 F. App'x 396 (9th Cir. 2018); see *United States v. Black*, 482 F.3d 1035, 1041 (9th Cir. 2007) ("[Courts] may take notice of proceedings in other courts, both within and without the federal judicial system"). **Exhibit LL** is relevant to show the court proceedings available to Plaintiffs under the Humboldt County Code and Government Code Section 53069.4 when seeking to challenge the final determination of the administrative proceedings that they complain about in this action. And it is relevant to community due process standards and excessive fine claims for the same County procedures that are the subject of this action.

## V.   THE COURT MAY TAKE JUDICIAL NOTICE OF PHOTOGRAPHS

Courts may take judicial notice of photographs, **Exhibit B**, if they were incorporated by reference in the Complaint. *Schroeder v. Volvo Grp. N. Am.*, LLC, No. LACV2005127VAPPVCX, 2020 WL 6562242, at *4 (C.D. Cal. Sept. 3, 2020). The Complaint extensively discusses the use of photographs in investigations that result in the administrative proceedings they complain about. (Dkt. ¶ 75-94.)  Moreover, a Court may take judicial notice of documents relevant to a defense *Id*.

Courts have taken judicial notice on its own order with unopposed requests. *Wright v. Buzzfeed, Inc.*, No. 218CV02187CASAFMX, 2018 WL 2670642, at *1 (C.D. Cal. June 4, 2018); *Rosen v. Terapeak, Inc.*, No. CV-15-00112-MWF (EX), 2015 WL 12803136, at *2 (C.D. Cal. May 4, 2015). **Exhibit B** are realtor photos and are relevant to the investigation leading to the administrative proceedings that the Plaintiffs challenge.

## VI. THE COURT MAY TAKE JUDICIAL NOTICE OF CORRESPONDENCES

The Court may take judicial notice of **Exhibit Q, EE,** and **HH** under Fed. R. Evid. 201(b), which allows judicial notice of facts "not subject to reasonable dispute in that it is capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). **Exhibit Q** is an engineer's letter to Humboldt County Planning Department discussing Graham's violations and the non-existence of commercial cannabis activity. Government consultant records are noticeable by courts not for the truth of the matter, but for the existence of the record. *KFD Enterprises, Inc. v. City of Eureka*, No. 08-CV-04571-SC, 2014 WL 1877532, *2 (N.D. Cal. May 9, 2014) ("only of the document's existence and that the findings and recommendations therein were made" were the judicially noticed part of the consultant's letter). **Exhibit Q** is relevant to the matter at hand because it shows that Graham abated cited violations and provides context for the county's decision to dispose of those violation prior to the settlement agreement. **Exhibit EE** and **HH** are also plans by a consultant that show Olson's path to compliance. All of these documents are relevant to the activities that were ongoing between the Plaintiffs and their consultants and the County during the administrative proceedings which they claim in their lawsuit to be too fraught with delay.

Email correspondences, such as **Exhibits T, U, V, DD, II**, and **KK** are relevant to demonstrate Plaintiffs and Defendants communication transpiring within the case process and efficiency of Plaintiffs' claims. **Exhibit T** and **DD** are relevant to case status and Plaintiffs' knowledge of violations. **Exhibit U** and **V** discuss Graham's settlement acceptance and settlement agreement, respectively, which again are relevant to his claims. **Exhibit MM** discusses a new policy, which is relevant to procedure and options to Plaintiffs. **Exhibit II** and **KK** is relevant because Defendants respond to Olson's restoration plan and Olson's timing with bringing properties to

compliance. All of these exhibits are also relevant to the passage of time during the administrative proceedings that form the basis of Plaintiffs' delay claims.

### VII. THE COURT SHOULD TAKE JUDICIAL NOTICE OF ALL DOCUMENTS THE COUNTY SUBMITS HERE AS RELEVANT AND CAPABLE OF IMMEDIATE AND ACCURATE DETERMINATION

As discussed above, Exhibits A through QQ are all appropriate for judicial notice under Federal Rules of Evidence Rule 201(b). Furthermore, these Exhibits are relevant to the claims Plaintiffs allege in the Class Action Complaint. Exhibits A through QQ should be judicially noticed.

### VIII. CONCLUSION

Accordingly, Defendants respectfully request the Court notice Exhibits A through QQ attached to this Request.

DATED: November 23, 2022

**COLANTUONO, HIGHSMITH & WHATLEY, PC**

*/s/ John A. Abaci*

PAMELA K. GRAHAM
JOHN A. ABACI
VERNETRA L. GAVIN
Attorneys for Defendants
COUNTY OF HUMBOLDT, HUMBOLDT COUNTY BOARD OF SUPERVISORS, HUMBOLDT COUNTY PLANNING AND BUILDING DEPARTMENT, VIRGINIA BASS, MIKE WILSON, REX BOHN, MICHELLE BUSHNELL, AND JOHN H. FORD