
MICHAEL G. COLANTUONO, State Bar No. 143551
MColantuono@chwlaw.us
PAMELA K. GRAHAM, State Bar No. 216309
PGraham@chwlaw.us
JOHN A. ABACI, State Bar No. 166493
JAbaci@chwlaw.us
**COLANTUONO, HIGHSMITH & WHATLEY, PC**
670 West Napa Street, Ste. F
Sonoma, CA 95476-6483
Telephone: (707) 996-9690
Facsimile: (707) 996-9603

Attorneys for Defendants
COUNTY OF HUMBOLDT, HUMBOLDT COUNTY BOARD OF SUPERVISORS, HUMBOLDT COUNTY PLANNING AND BUILDING DEPARTMENT, STEVE MADRONE, REX BOHN, MIKE WILSON, MICHELLE BUSHNELL, NATALIE ARROYO, AND JOHN H. FORD

Colantuono, Highsmith & Whatley, PC
670 W. NAPA STREET, SUITE F
SONOMA, CA 95476

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**EUREKA DIVISION**

CORRINE MORGAN THOMAS and DOUG THOMAS, a married couple; BLU GRAHAM; and RHONDA OLSON, on behalf of themselves and all other similarly situated,

Plaintiffs,

v.

COUNTY OF HUMBOLDT, CALIFORNIA; HUMBOLDT COUNTY BOARD OF SUPERVISORS; HUMBOLDT COUNTY PLANNING AND BUILDING DEPARTMENT; STEVE MADRONE, REX BOHN, MIKE WILSON, MICHELLE BUSHNELL, NATALIE ARROYO, in their official capacity as Supervisors of Humboldt County; and JOHN H. FORD in his official capacity as Planning and Building Director,

Defendants.

Case No.: 1:22-cv-05725-RMI

Assigned to Magistrate Judge Robert M. Illman

**REPLY BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS AMENDED COMPLAINT**

**FED. R. CIV. P. 12(b)(1) and (6)**

Date: April 25, 2023
Time: 11:00 AM
Ctrm: Eureka Courthouse

Trial Date: None Set

## TABLE OF CONTENTS

Page

I. INTRODUCTION AND SUMMARY OF ARGUMENT ....... 7

II. PLAINTIFFS ALLEGE NO COGNIZABLE PROPERTY INTEREST ....... 8

III. PLAINTIFFS ALLEGE NO SUFFICIENT REPUTATIONAL INJURY ....... 10

IV. PLAINTIFFS' CLAIMS TO POST-DEPRIVATION REMEDIES FAIL ....... 10

- A. Plaintiffs Face No Loss Until They Complete Administrative Appeals ....... 10
- B. Fourth Amendment Probable Cause Does Not Apply to Administrative Investigations ....... 11
- C. A Notice of Violation is Not a Deprivation Requiring Pre-Deprivation Remedies ....... 12

V. THE SUBSTANTIVE DUE PROCESS CLAIMS FAIL; THE COUNTY'S POLICY REGARDING UNLAWFUL CANNABIS GROWS IS PROPER ....... 13

- A. The Administrative Citation Process Does Not Shock the Conscience ....... 13
- B. Administrative Penalties Seek to Deter Unlawful Cannabis Cultivation ....... 14
- C. The Continued Existence of Unpermitted Structures Can be Made Unlawful ....... 15

VI. THE EXCESSIVE FINES CLAIM IS UNTIMELY AND UNRIPE ....... 16

VII. DEFENDANTS ARE IMMUNE FROM OFFICIAL CAPACITY CLAIMS ....... 17

VIII. THERE IS NO RIGHT TO A JURY TRIAL IN ADMINISTRATIVE HEARINGS ....... 17

IX. CONCLUSION ....... 18

Colantuono, Highsmith & Whatley, PC
670 W. NAPA STREET, SUITE F
SONOMA, CA 95476

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*Action Apartment Ass'n v. Santa Monica Rent Control Bd.*, 509 F.3d 1020 (9th Cir. 2007) .......... 9

*Akin v. Epperly* 588 F.3d 1178 (8th Cir. 2009) .......... 11

*Atlantic Richfield Co. v. Christian* 140 S. Ct. 1335 (2020) .......... 15

*Atlas Roofing Co., Inc. v. OSHA Review Commission* 430 U.S. 442 (1977) .......... 18

*Ballinger v. City of Oakland* 24 F.4th 1287 (9th Cir. 2022) .......... 9

*Barry v. Barchi* 443 U.S. 55 (1979) .......... 12, 13

*Bogan v. Scott-Harris* 523 U.S. 44 (1998) .......... 9

*Cleveland Bd. of Educ. v. Loudermill* 470 U.S. 532 (1985) .......... 13

*Contasti v. City of Solano Beach*, 2013 WL 5727409, No. 09CV1371 WQH (BLM) (S.D. Cal. Oct. 22, 2013) .......... 8

*County of Sacramento v. Lewis* 523 U.S. 833 (1998) .......... 14

*FDIC v. Mallen* 486 U.S. 230 (1988) .......... 12

*Galfer v. Los Angeles*, 2015 WL 13917043 (CD. Cal. March 6, 2015) .......... 12

*Guatay Christian Fellowship v. County of San Mateo*, 670 F.3d 957 (9th Cir. 2011) .......... 8

*Harlow v. Fitzgerald* 457 U.S. 800 (1982) .......... 9

*Harris v. County Riverside*, 94 F.2d 497 (9th Cir. 1990) .......... 8

Colantuono, Highsmith & Whatley, PC
670 W. Napa Street, Suite F
Sonoma, CA 95476

*Johnson v. City of Grants Pass*,
50 F.4th 787 (9th Cir. 2022) ....................16

*Miller v. Vazquez*,
868 F.2d 1116 (9th Cir. 1989) ....................11

*Patsy v. Bd. of Regents*
457 U.S. 496 (1982) ....................8

*Paul v. Davis*
424 U.S. 693 (1976) ....................10

*Pimentel v. City of Los Angeles*,
974 F.3d 917 (9th Cir. 2020) ....................16

*Ramos v. Nielsen*,
321 F.Supp.3d 1083 (N.D. Cal. 2018) ....................8

*Rasmussen v. Garrett*,
489 F.Supp.3d 1131 (D.Or. 2020) ....................9

*S.E.C. v. Ross*,
504 F.3d 1130 (9th Cir. 2007) ....................13

*Stympmann v. San Francisco*,
557 F.2d 1338 (9th Cir. 1977) ....................12

*United States v. Bajakajian*
524 U.S. 321 (1998) ....................16

*United States v. Crozier*,
777 F.2d 1376 (9th Cir. 1985) ....................12

*Winslow v. Smith*,
696 F.3d 716 (8th Cir. 2012) ....................11

*Woodley v. City of Portland*,
2022 WL 16924131, Case No. 3:22-cv-423-SI (D. Ore. Nov. 14, 2022) ....................10

*Yagman v. Garcetti*,
852F.3d 859 (9th Cir. 2017) ....................12

**State Cases**

*Assilzadeh v. California Federal Bank*
82 Cal.App.4th 399 (2000) ....................15

*Breneric Assocs. v. City of Del Mar*
69 Cal.App.4th 166 (1998) ....................8

*County of Humboldt v. Appellate Division of Superior Court*
46 Cal.App.5th 298 (2020) ....................12, 16

Colantuono, Highsmith & Whatley, PC
670 W. Napa Street, Suite F
Sonoma, CA 95476

*Lent v. California Coastal Com.*
62 Cal.App.5th 812 (2021) ....................17

*Martin v. Riverside County Department of Code Enforcement*
166 Cal.App.4th 1406 (2008) ....................13, 17

*McHugh v. Santa Monica Rent Control Bd.*
49 Cal.3d 348 (1989) ....................18

*Nunn v. State of California*
35 Cal.3d 616 (1984) ....................10

*Wang v. Sacramento Police Department*
68 Cal.App.5th 372 (2021) ....................17

**Statutes**

94 Ops.Cal.Atty.Gen. 39 (211) ....................11

Government Code, § 53069.4 ....................11, 17

Government Code, § 53069.4, subd. (a)(1) ....................12

Government Code, § 53069.4, subd. (a)(2)(A) ....................12

Government Code, § 53069.4, subd. (b) ....................12

Government Code, § 53069.4, subd. (b)(1) ....................17

Government Code, § 53069.4, subd. (b)(3) ....................17

**Other Authorities**

Humboldt County Code, § 352-3(n) ....................15

Humboldt County Code, § 352-3(s) ....................15

Humboldt County Code, § 352-5 ....................13

Humboldt County Code, § 352-5(e) ....................9

Humboldt County Code, § 352-6 ....................15, 16

Humboldt County Code, § 352-6(a) ....................14

Humboldt County Code, § 352-8 ....................13

Humboldt County Code, § 352-8(iii) ....................11

Humboldt County Code, § 352-8(j) ....................11

Colantuono, Highsmith & Whatley, PC
670 W. Napa Street, Suite F
Sonoma, CA 95476

Humboldt County Code, § 352-8(l)(ii) ....................................................................................11

Humboldt County Code, § 352-12 .........................................................................................11

Humboldt County Code, § 352-12(a) ....................................................................................16

Humboldt County Code, § 352-12(b) ....................................................................................16

Humboldt County Code, § 352-13 .........................................................................................13

Humboldt County Code, § 352-16(l) .....................................................................................11

Colantuono, Highsmith & Whatley, PC
670 W. NAPA STREET, SUITE F
SONOMA, CA 95476

## I. INTRODUCTION AND SUMMARY OF ARGUMENT

Plaintiffs' Opposition to Defendants' Motion to Dismiss ("Opp.") argues they are being deprived of liberty, property interests and entitlement to a jury trial in administrative citation proceedings but fail to state a claim under Section 1983. The Opposition fails to establish a cognizable theory entitling Plaintiffs to relief. The Court should therefore grant the motion and dismiss the case entirely.

As the Motion details, the Complaint's procedural and substantive deficiencies are many. No Plaintiff has standing, as the injuries alleged are speculative and hypothetical. Plaintiffs' claims stem from investigations and Notices of Violation of cannabis cultivation regulations which initiated administrative proceedings yet to conclude. While Plaintiffs have appealed these fines and notices process, no penalty is payable until a County hearing officer makes a final determination and Plaintiffs exhaust or forego their right to judicial review in Superior Court.

Plaintiffs' claims are also barred by the 2-year statute of limitations for Section 1983 claims. Nor do they assert a constitutionally protected property interest to support their substantive and procedural due process claims. The claim of unconstitutional exactions does not show the County seeks to compel conduct which it lacks police power to require. The Individual Defendants have legislative and qualified immunities. Plaintiffs redundantly sue both the County and its officials in their official capacities.

To avoid these myriad flaws, the Opposition attempts to recast the facts and procedural history. Even if it could amend them (it cannot), however, the allegations remain vague, conclusory, and inadequate. The whole story — which this Court may consider via judicially noticeable public records — reflects appropriate and timely administrative efforts to persuade Plaintiffs to comply with local law. The appropriate forum for Plaintiffs' concerns is in those local proceedings and, perhaps, state court review of them. The County's processes comport with due process and no jury right has ever applied to administrative hearings. No conduct here reaches the high bar to establish a substantive due process claim. No large fine has been finally imposed, and the large fines possible under the County's ordinances for persistent refusal to comply with law cannot be adjudged excessive on their face, but only as applied. Indeed, many cases uphold far larger fines for willful

Colantuono, Highsmith & Whatley, PC
670 W. Napa Street, Suite F
Sonoma, CA 95476

violation of land use laws. Put simply, the County's investigation and threatened fines for violations of local cannabis laws do not establish a colorable federal claim.

## II. PLAINTIFFS ALLEGE NO COGNIZABLE PROPERTY INTEREST

Plaintiffs' claims they have been deprived of permits and have suffered administrative citations without due process fail to allege deprivation of property interests protected by the federal Constitution. *Guatay Christian Fellowship v. County of San Mateo*, 670 F.3d 957, 984–985 (9th Cir. 2011). Plaintiffs argue denial of "liberty" and due process from the County's policy to withhold permits for further development pending correction of existing zoning violations. (Opp. 5:9–12). But Plaintiffs merely "asking" the County about the availability of permits and discussing issues before applying does not evidence "blanket denial of permits." (Opp. 6:25–28 and 7:1–5). A property interest is a legitimate claim of entitlement to a benefit. *Guatay*, 670 F.3d at 985. There is no protected property interest in permits until they are obtained, or issuance is essentially assured. (Motion at pp. 24–25). *See also Breneric Assocs. v. City of Del Mar*, 69 Cal.App.4th 166, 181 (1998) (no property interest in future permit unless permitting is non-discretionary); *Contasti v. City of Solano Beach*, 2013 WL 5727409 at *9, No. 09CV1371 WQH (BLM) (S.D. Cal. Oct. 22, 2013) (no property interest in denial of permit based on ordinance yet to take effect). Plaintiffs do not dispute this law. Instead, they cite cases that do not involve a claimed property interest in land use permits. (Opp. 7:6–7, citing *Patsy v. Bd. of Regents 457 U.S. 496* (1982) [exhaustion of administrative remedies in public employment dispute], 10:15–16, citing *Harris v. County Riverside*, 94 F.2d 497 (9th Cir. 1990*)* [downzoning without notice]). The latter has been distinguished by some 24 cases.

One must have "more than an abstract need or desire" for or "unilateral expectation" of a claimed property interest, but rather a "legitimate claim of entitlement" based on a statute, contract, or "other clearly implied promise." *Ramos v. Nielsen*, 321 F.Supp.3d 1083, 1121 (N.D. Cal. 2018). Plaintiffs allege the County told them they will not receive permits until pending code enforcement proceedings conclude. Plaintiffs can claim neither entitlement nor a promise of a permit for which they have yet to apply. Plaintiffs' allegations make clear these permits were not "virtually assured" nor non-discretionary. (Compl. ¶ 309 [permit may issue only if zoning laws permit use]; 312 [no guarantee County will issue permit]; 288 [County policy not to permit buildings used to grow

Colantuono, Highsmith & Whatley, PC
670 W. Napa Street, Suite F
Sonoma, CA 95476

cannabis].) And Plaintiffs can claim no land development costs imposed by or paid to the County, such as their own engineers' and consultants' fees. *Rasmussen v. Garrett*, 489 F.Supp.3d 1131, 1161 (D.Or. 2020) (government must deprive plaintiff of property to trigger due process). Nor have Plaintiffs paid administrative fees during their pending appeals. (Motion at pp.11–17). Even if Graham had paid administrative fees at one time, as Plaintiffs contend, he paid them voluntarily in settlement on reasonable terms. (Opp. 5:19–22); (Motion § II(B)).

Moreover, even if the County does condition land use approvals on code compliance, this is lawful. (Motion, § IV(E)). The predicate of an unconstitutional conditions claim is that the government could not constitutionally order the claimant to do the act its disputed conditions seek to achieve. *Ballinger v. City of Oakland*, 24 F.4th 1287, 1298 (9th Cir. 2022), cert. denied 142 S. Ct. 2777 (2022). But Plaintiffs have no property right to maintain illegal construction. They cannot persuasively allege County's efforts to settle land use disputes on reasonable terms are unconstitutional conditions. (Mot. § IV(E)(3)). So, too, as to withholding permits absent a compliance agreement, as the County Code authorizes. (HCC § 352-5(e) [RJN, Exh. NN]). Plaintiffs do not allege the County withholds permits from owners of compliant sites. If the claim is as-applied — that construction to be removed was lawful — an administrative appeal allows a forum in which to prove it.

Even had Plaintiffs' claim merit (it does not), it is procedurally time-barred and subject to legislative immunity. County ordinance authorizes it to withhold licenses, permits, and other entitlements for "projects subject to unpaid administrative penalties." (See HCC § 352-5(e) [RJN, Exh. NN]; Ord 2576 [Supp. RJN, Exh. XX]; Mot. § III(C)). This action came two years after the County adopted this ordinance in 2017. Facial challenge under Section 1983 is therefore time-barred. *Action Apartment Ass'n v. Santa Monica Rent Control Bd.*, 509 F.3d 1020, 1026 (9th Cir. 2007) (facial substantive due process claim accrues on ordinance enactment and subject to 2-year statute). Moreover, County's enforcement of such a policy established by ordinance is subject to legislative immunity. (Motion § III(D)). *Bogan v. Scott-Harris*, 523 U.S. 44, 54 (1998) (legislative immunity attaches to all actions taken "in the sphere of legitimate legislative activity"). And any enforcement of that ordinance is similarly subject to discretionary immunity. *Harlow v. Fitzgerald*,

**Colantuono, Highsmith & Whatley, PC**
670 W. NAPA STREET, SUITE F
SONOMA, CA 95476

457 U.S. 800, 818 (1982); *Nunn v. State of California*, 35 Cal.3d 616, 622 (1984) (legislative immunity extends beyond legislation's adoption to implementation).

## III. PLAINTIFFS ALLEGE NO SUFFICIENT REPUTATIONAL INJURY

Plaintiffs argue a liberty interest in damage to their reputations arising from the County's enforcement of its cannabis laws. (Opp 5:9-11; 9:13-15; 15:14-17). To assert that claim, Plaintiffs must allege conduct sufficiently serious so as to stigmatize them so they lose other opportunities (e.g., employment). *Paul v. Davis*, 424 U.S. 693, 710–12 (1976). Known as a "stigma-plus" claim, it requires more than reputational harm. Rather, there must be showing of both public disclosure of a stigmatizing statement and the denial of a tangible interest, such as freedom to earn a living. *Woodley v. City of Portland*, 2022 WL 16924131 at *3, Case No. 3:22-cv-423-SI (D. Ore. Nov. 14, 2022). Absent the second element, this is a defamation — not a due process — claim. *Id.* "Defamation by a state actor does not amount to a deprivation of 'liberty' within the meaning of the Fourteenth Amendment unless it causes injury to some interest other than the mere loss of reputation." *Paul v. Davis*, 424 U.S. at 711. Stigmatizing statements must effectively bar the plaintiff from all employment in their field. *Woodley*, 2022 WL 16924131 at *4 (public statements plaintiff was dishonest insufficient for "stigma-plus" claim as plaintiff still worked in her field).

The Complaint alleges no lost employment opportunities. (Dkt. 31). The Thomases are retired. (Compl. ¶ 259). Graham owns a company, guides hiking tours, and owns a restaurant. (Compl. ¶ 328). While he alleges a need to explain the allegations to some restaurant customers, he does not allege all loss of ability to earn a living. (Compl. ¶ 340). The Complaint alleges neither publication of stigmatizing charges or loss of employment for Olson or Glad. No Plaintiff alleges a "stigma-plus" claim.

## IV. PLAINTIFFS' CLAIMS TO POST-DEPRIVATION REMEDIES FAIL

### A. Plaintiffs Face No Loss Until They Complete Administrative Appeals

Plaintiffs have not paid one cent in administrative penalties as of filing this suit. Nor can they allege they paid any administrative fees to appeal the disputed notices of violation. By their own admission, Plaintiffs' only out-of-pocket costs are fees of their own consultants, engineers, and lawyers. (See *supra* § II). Instead, Plaintiffs split hairs, claiming fines were technically "imposed"

Colantuono, Highsmith & Whatley, PC
670 W. NAPA STREET, SUITE F
SONOMA, CA 95476

upon citation even though they remain unpaid, and must be finally adjudicated before there is any risk of payment. (Opp. pp. 9, 10:11–15.) In each case, Plaintiffs' administrative appeals prevented the fines from becoming due until the hearing was completed and the property owner exhausts or foregoes judicial review of the administrative decision. (See Motion § II [no jurisdiction to collect fines until after hearing officer's ruling and Superior Court review]; HCC §§ 352-8(l)(ii) & (iii), 352-12, 352-16(l)). The County has not deprived Plaintiffs of fines or fees, and cannot do so until it affords them administrative and state court due process.

### B. Fourth Amendment Probable Cause Does Not Apply to Administrative Investigations

Plaintiffs cite no authority for their claim that the County must establish probable cause before it issues notices of violation. They contend it "shocks the conscience" to issue a citation without having established probable cause. (Opp. p. 11.) State law allows the County to establish the measure of proof needed to support an administrative citation. Cal. Gov. Code § 53069.4 ("administrative procedures for imposition, enforcement, collection and administrative review" established by ordinance). The County requires a showing that "the violation has occurred." (E.g., HCC §352-8(j) & 352-12 [RJN, Exh. NN]). No more is necessary.

Plaintiffs' reliance on due process analysis of criminal cases is misplaced. (Opp. 15:8, citing *Winslow v. Smith*, 696 F.3d 716 (8th Cir. 2012); 15:9–10, citing *Akin v. Epperly* 588 F.3d 1178 (8th Cir. 2009); and Opp. 15: 18–19, citing *Miller v. Vazquez,* 868 F.2d 1116 (9th Cir. 1989).) They can cite no authority extending criminal justice protections involving arrest and custody to administrative citations like those authorized by California Government Code section 53069.4.

Administrative action generally requires reasonable, not probable, cause. Moreover, California Government Code section 53069.4 authorizes local governments to establish administrative processes to enforce any ordinance by imposing fines or penalties — subject to pre-deprivation administrative and judicial review. The statute is intended "to provide a faster and more cost-effective enforcement mechanism than a criminal prosecution for the violation of a local ordinance." 94 Ops.Cal.Atty.Gen. 39, 43 (211). The statute provides a local legislative body "may by ordinance make any violation of any ordinance enacted by the local agency subject to an

Colantuono, Highsmith & Whatley, PC
670 W. Napa Street, Suite F
Sonoma, CA 95476

Colantuono, Highsmith & Whatley, PC
670 W. Napa Street, Suite F
Sonoma, CA 95476

administrative fine or penalty." Cal. Gov. Code § 53069.4, subd. (a)(1). Procedural requirements are established by ordinance, too: "The local agency shall set forth by ordinance the administrative procedures that shall govern the imposition, enforcement, collection, and administrative review by the local agency of those administrative fines or penalties." (*Id.*) Any such administrative procedures must provide for "a reasonable period of time, as specified in the ordinance, for a person responsible for a continuing violation to correct or otherwise remedy the violation prior to the imposition of administrative fines or penalties, when the violation pertains to building, plumbing, electrical, or other similar structural or zoning issues, that do not create an immediate danger to health or safety." *Id.*, subd. (a)(2)(A). All of that is accomplished here by the applicable Code sections and County practices. (Motion at pp. 9–17). And any such fine may not be enforced until the property owner has opportunity for judicial review. *Id.*, subd. (b). Trial court review may lead to appellate review, too. E.g., *County of Humboldt v. Appellate Division of Superior Court*, 46 Cal.App.5th 298 (2020). Due process requires no more.

### C. A Notice of Violation is Not a Deprivation Requiring Pre-Deprivation Remedies

Plaintiffs argue that to the extent the property interest is deprived **before** a hearing, due process requires procedures to ensure some adequate basis for the deprivation. (Opp. 12:4–7). The County does not argue otherwise. But a notice of violation initiates an administrative procedure which can lead to deprivation of money; it is not itself a deprivation. Else one would need a notice of a notice of a notice — ad infinitum.

Plaintiffs cite several cases for the proposition that the delay of an appeal hearing increases the risk of an erroneous deprivation. (Opp. 11-13, citing *Yagman v. Garcetti,* 852F.3d 859 (9th Cir. 2017) and *Galfer v. Los Angeles*, 2015 WL 13917043 (CD. Cal. March 6, 2015) [parking citations requiring payment before appeal], *Stympmann v. San Francisco*, 557 F.2d 1338 (9th Cir. 1977) [vehicle impoundment], *United States v. Crozier*, 777 F.2d 1376 (9th Cir. 1985) [order restraining land use before hearing], *Barry v. Barchi*, 443 U.S. 55 (1979) [license suspension], and *FDIC v. Mallen,* 486 U.S. 230 (1988) [suspension of bank officer]). Such a higher standard is necessary when review is afforded only post-deprivation because, as the Plaintiffs point out, the "erroneous

deprivation" risk is substantial when deprivation precedes review. (Opp 13:22–24, citing *Barchi*). But there has, as yet, been no deprivation here.

Pre-deprivation review requires only reasonable notice and some opportunity to present objections. (Motion IV.B.1); *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 541 (1985); *S.E.C. v. Ross*, 504 F.3d 1130, 1138 (9th Cir. 2007); RJN, Exh. NN, §§ 352-4 (notice); 352-7 and 352-8 (NOV discloses property, violations, potential penalties); 352-8, 352-10 and 352-12 (hearing rights and procedures). Plaintiffs had all of this.

Plaintiffs will have due process in an administrative hearing and can seek judicial review in state trial and appellate courts before the County can deprive them of any property right. Ordinance charges the hearing officer to determine whether a violation occurred and, if so, any appropriate fine. Plaintiffs may challenge both findings de novo in Superior Court. *Martin v. Riverside County Department of Code Enforcement*, 166 Cal.App.4th 1406, 1412 (2008) (review of final administrative order on administrative fine de novo appeal to Superior Court or writ action). These fulsome procedures satisfy due process. (See Motion § IV(B)(1)). If and when these Plaintiffs pay a fine to the County, a hearing officer, a trial court judge and a panel of the Court of Appeal will all have found adequate basis for it — should Plaintiffs so desire. To the extent human effort can make it so, any erroneous deprivation will be avoided before it can occur.

Plaintiffs' claims as to the investigations of their cases before the County issued Notices of Violations are also untimely. No Plaintiff alleges a new Notice of Violation within 2 years before they sued on October 5, 2022. (Motion § III(C)).

## V. THE SUBSTANTIVE DUE PROCESS CLAIMS FAIL; THE COUNTY'S POLICY REGARDING UNLAWFUL CANNABIS GROWS IS PROPER

### A. The Administrative Citation Process Does Not Shock the Conscience

Plaintiffs can cite no authority to support their claim the administrative enforcement process described above violates substantive due process. The Complaint alleges that the County uses satellites (and drones) to identify illegal grows. It then issued Plaintiffs notices of the County's for administrative citation procedures, including a possible $10,000 fine for up to 90 calendar days after a 10-day cure period, appeal and hearing rights. (HCC §§ 352-5, 352-8 & 352-13 [RJN, Exh. NN]).

Colantuono, Highsmith & Whatley, PC
670 W. Napa Street, Suite F
Sonoma, CA 95476

According to Plaintiffs, the County sometimes has information about illicit conditions created by a prior owner, but for which a current owner is made responsible by local law. (Opp 16:16–22; Mot. 12:17–20; 15:11–12).

None of this is shocking. Substantive due process allows courts to regulate government behavior absent statute only if it is "so egregious, so outrageous, that it may fairly be said to shock the contemporary conscience." *County of Sacramento v. Lewis*, 523 U.S. 833, 847 n.8 (1998). Nothing of the sort appears here. Plaintiffs can attempt to cure the violations in dialog with County staff (as have all Plaintiffs except Glad) which may lead to settlement as with Graham, and/or request for a hearing, as all Plaintiffs did. (Motion at pp. 11–17). Plaintiffs' argument that notices are misleading or calculated to discourage appeals is not plausibly supported by these facts — all Plaintiffs sought appeals. (RJN, Exhs. I, R, GG & VV). Informal dispute resolution is good public policy, not shocking. Fining those who violate land use laws so criminal sanctions need not be sought is not shocking, either. Nor is discouraging further violations of local laws. Regulating cannabis activity is necessary to protect the environment, neighbors, and public safety given that cannabis is highly portable contraband under federal law and its commerce is often conducted in cash and protected by dogs and guns. The County's policy requiring permits for legal cannabis grows and plans to remediate illicit grows are routine administrative law enforcement rationally related to these legitimate government interests.

### B. Administrative Penalties Seek to Deter Unlawful Cannabis Cultivation

The County's objective to deter unlawful cannabis grows by penalizing them more heavily than other violations is an ordinary line-drawing exercise entrusted to the political branches.

Ordinance No. 2576 added commercial "marijuana" (later "cannabis") cultivation in violation of law as Category 4 violations. (Supp. RJN, Exh. XX, p. 21]). Such violations may incur fines up to $6,000 to $10,000 — the largest penalty under this ordinance. (HCC §352-6(a))(4) [RJN, Exh. NN]). The ordinance was adopted on June 27, 2017, more than two years before Plaintiffs sued here. (Supp. RJN, Exh. XX, p. 1). It was within the County's authority to decide that such violations were serious and should be more heavily penalized than other violations. What Plaintiffs dismiss as "harmless or nearly harmless," "paperwork violations" are not so viewed by the elected County

Colantuono, Highsmith & Whatley, PC
670 W. Napa Street, Suite F
Sonoma, CA 95476

Board of Supervisors, which concludes they have “significant and/or substantial impact on the health, safety, comfort and/or general welfare of the public.” (Opp. 21:10 and 24); (Motion 31:2-3 [HCC § 352-6] [RJN, Exh. NN]). This is ordinary legislation. It is not shocking to discourage illicit cannabis grows. Plaintiffs’ contrary views should be expressed at the ballot box or in the Board chambers, but not in this federal forum. To the extent the Board is sued for performance of this function, legislative immunity applies. (Motion § III.D).

### C. The Continued Existence of Unpermitted Structures Can be Made Unlawful

Plaintiffs own properties in violation of local cannabis laws. These include unpermitted metal buildings, “greenhouses,” “hoophouses,” “tunnels,” and other structures which pose safety and environmental hazards and impose aesthetic burdens on neighbors. (Motion 11:25–27; 12:17–20; 13:20–22; 14:3–7; 15:18–20; 16:14–17). Although Plaintiffs claim to be “innocent purchasers” who should not be fined for these violations, who else is in a position to bring this land into compliance with law? Who else ought society expect to cure the harm, those who own and control property and know (or should have known) what they bought, or previous violators with no right to control these sites, or no one at all? If Plaintiffs were misled by their sellers, state law affords a remedy. E.g., *Assilzadeh v. California Federal Bank* (2000) 82 Cal.App.4th 399 [claim for nondisclosure of construction defect suit]. The County Code makes property “owners” “responsible parties” charged to bring property into compliance with law. (HCC 352-3(n) and (s) [RJN, Exh. NN]). Many laws governing environmental conditions of land do so. E.g., *Atlantic Richfield Co. v. Christian* (2020) 140 S. Ct. 1335 [applying CERCLE]. So even those named in Notices of Violation (which excludes Graham and the Thomases) are not “innocent.” The claim these are mere “paperwork violations” is belied by County orders to remove the offending structures. (Opp. 21:10). As to the unengineered and unpermitted tunnel below a structure used by people, the claim is simply not credible. The County’s policy to hold property owners responsible for the condition of what they own is routine in state and federal law and does not shock the contemporary conscience.

Colantuono, Highsmith & Whatley, PC
670 W. NAPA STREET, SUITE F
SONOMA, CA 95476

## VI. THE EXCESSIVE FINES CLAIM IS UNTIMELY AND UNRIPE

As no Plaintiff has yet paid a fine here, a claim it is excessive is necessarily unripe. We do not yet know what, if anything, Plaintiffs might pay. If the claim is that the Notices of Violation were themselves fines, none issued within two years of this suit, making the claim stale.

An excessive fines claim requires a fine to be "grossly disproportional to the gravity of the defendant's offense." *Pimentel v. City of Los Angeles*, 974 F.3d 917, 921 (9th Cir. 2020) (quoting *United States v. Bajakajian*, 524 U.S. 321, 336–37 (1998)). This requires analysis of the circumstances under which a fine is levied, considering four factors, including the nature and extent of the offense and the violator's culpability. *Id.* at 921–22. A court must review the violator's own actions — not just some "abstract view of the violation." *Id.* at 922. Plaintiffs cannot allege the levy of a fine against any of them, much less facts requiring a conclusion of "grossly disproportional" fines. *Johnson v. City of Grants Pass*, 50 F.4th 787, 813 (9th Cir. 2022) (court need not address hypothetical future fines). In addition to the Motion's many authorities, the reduction of fines by a hearing officer in a published Humboldt County case establishes the real possibility that the pending administrative appeals may greatly reduce potential fines here. *County of Humboldt v. Appellate Division of Superior Court*, 46 Cal.App.5th 298, 304–05 (2020) ($88,800 fine for cannabis imposed after administrative reduced to $59,200 by Superior Court) (hereinafter "*Humboldt*").

Absent a fine actually imposed for specific conduct — which has yet to occur — Plaintiffs cannot begin to make out an excessive fines claim. Plaintiffs' claims that the range of fines for Category 4 violations under the Code are grossly disproportional to any conduct falling within that category are time-barred. Plaintiffs allege ordinance established them in 2017, more than 2 years before they sued here. (Complaint ¶¶ 63–64; Motion p. 19).

Additionally, Plaintiffs' claim hearing officers have little discretion to reduce fines is belied by the Ordinance and by *Humboldt*. (Motion p. 29:12–15; HCC §§352-12(a) and (b) and 352-6 [RJN, Exh. NN]). *Humboldt* characterized the hearing officer's determination as consideration of a "nonexclusive list of factors related to the severity and willfulness of the conduct" *Humboldt*, 46 Cal.App.5th at 306–307. There, a Notice of Violation allowed a daily administrative penalty of

Colantuono, Highsmith & Whatley, PC
670 W. NAPA STREET, SUITE F
SONOMA, CA 95476

306578.v5

$10,000 for up to 90 days, as here. Instead of $900,000, the hearing officer imposed less than $90,000 and a court reduced it further still. *Id.* at 306–07.

Plaintiffs do not — cannot — allege the County has actually imposed excessive fines on anyone. Indeed, the facts show the County seeks to resolve cannabis violations without fines or for far lower amounts — Plaintiff Graham paid only $523 in permit fees to resolve his case. And California courts have upheld far larger fines for persistent, knowing land use violations. E.g., *Lent v. California Coastal Com.*, 62 Cal.App.5th 812 (2021) (upholding $4.185 million fine for blocking public beach). Until a fine is finally imposed, there can be no claim of constitutional excess.

## VII. DEFENDANTS ARE IMMUNE FROM OFFICIAL CAPACITY CLAIMS

Plaintiffs contend that County has somehow waived objection to suit against itself and its officials in their official capacities. The Motion squarely objected on this ground. (Motion § III.E).

Additionally, if Plaintiffs assert the procedures or provisions of the County Code discussed *supra* are unconstitutional policy, legislative immunity applies to all defendants. (Motion § III.D). These claims are also time-barred as the ordinances were adopted more than two years before suit. (Complaint ¶¶ 60 & 69).

## VIII. THERE IS NO RIGHT TO A JURY TRIAL IN ADMINISTRATIVE HEARINGS

Plaintiffs concede, as they must, there is no right to a jury trial in an administrative citation proceeding. Rather they argue from policy, not law. Nor do Plaintiffs explain how a jury could try an administrative proceeding. Even judicial review of civil fines is tried to the bench. Cal. Gov. Code § 53069.4(b)(1) and (3)). The Legislature provided for two alternate avenues for review of this type of proceeding — either de novo review of the superior court or by writ of mandate. *Martin v. Riverside County Department of Code Enforcement*, 166 Cal.App.4th 1406, 1412. For fines exceeding $25,000, the action is an unlimited civil proceeding. *Wang v. Sacramento Police Department*, 68 Cal.App.5th 372, 379-380 (2021) (city imposition of fines over $130,000 for marijuana violations hearing officer reduced to $35,000 subject to judicial review under Section 53069.4).

Plaintiffs prefer the complexity of criminal enforcement of cannabis laws, which the Legislature and the County found disproportionate. The federal Constitution does not prevent that

Colantuono, Highsmith & Whatley, PC
670 W. Napa Street, Suite F
Sonoma, CA 95476

choice. They attack a well-established civil enforcement regime that has generated a growing body of state and federal precedent. A claim that the federal Constitution forbids it is bold, indeed. Plaintiffs offer no authority for this ambitious claim. The law has long been that administrative adjudication requires no jury. *McHugh v. Santa Monica Rent Control Bd.*, 49 Cal.3d 348, 381–382 (1989), citing *Atlas Roofing Co., Inc. v. OSHA Review Commission*, 430 U.S. 442 (1977).

## IX. CONCLUSION

Plaintiffs identify no interest protected by due process here. Their claims that administrative proceedings require a prompt post-deprivation review are meaningless in a case in which no deprivation has yet occurred precisely because Plaintiffs have yet to exhaust their pre-deprivation remedies. Their excessive fines claim is unripe because no fines have yet been imposed and stale to the extent it relies on the Notices of Violation, as those issued more than two years before Plaintiffs sued. And facial challenges to the cannabis code enforcement practices established by ordinances adopted in 2017 are untimely and barred by legislative immunity. Claims against the County and its officers in their official capacities are redundant and improper. Plaintiffs admit that they have no established right to jury trial and precedent protects the California Legislature's and Humboldt County Board of Supervisor's decisions to use civil enforcement instead of prosecuting crimes. Finally, the Motion shows Plaintiffs lack standing and sue prematurely.

For any or all of these many reasons, the County asks this Court to dismiss the Amended Class Action Complaint in its entirety. No leave to further amend need be granted for these infirmities are irremediable.

DATED: April 13, 2023

**COLANTUONO, HIGHSMITH & WHATLEY, PC**

Pamela K. Graham

MICHAEL G. COLANTUONO
PAMELA K. GRAHAM
JOHN A. ABACI
Attorneys for Defendants
COUNTY OF HUMBOLDT, HUMBOLDT COUNTY BOARD OF SUPERVISORS, HUMBOLDT COUNTY PLANNING AND BUILDING DEPARTMENT, STEVE MADRONE, REX BOHN, MIKE WILSON, MICHELLE BUSHNELL, NATALIE ARROYO, AND JOHN H. FORD

Colantuono, Highsmith & Whatley, PC
670 W. Napa Street, Suite F
Sonoma, CA 95476