1
2
3
4

UNITED STATES DISTRICT COURT

5

NORTHERN DISTRICT OF CALIFORNIA

6
7
8
9
10
11
12
13
14
15

|  |  |
|---|---|
| | ) Case Number: C 1:22-cv-5725-RMI |
| | ) |
| | ) **JOINT CASE MANAGEMENT** |
| CORRINE MORGAN THOMAS, et al., | ) **STATEMENT & [PROPOSED] ORDER** |
| | ) |
| Plaintiff(s), | ) |
| | ) |
| | ) |
| vs. | ) |
| | ) |
| COUNTY OF HUMBOLDT, et al., | ) |
| | ) |
| Defendant(s). | ) |

16
17

The parties to the above-entitled action jointly submit this JOINT CASE

18

MANAGEMENT STATEMENT & PROPOSED ORDER pursuant to the Standing Order for All

19

Judges of the Northern District of California and Civil Local Rule 16-9.

20

**1.     Jurisdiction & Service**

21

Plaintiffs filed this civil-rights lawsuit pursuant to 42 U.S.C. § 1983 and the Declaratory

22

Judgment Act, 28 U.S.C. §§ 2201-02, for violations of rights, privileges, or immunities secured by

23

the U.S. Constitution.  This Court has subject-matter jurisdiction pursuant to 28 U.S.C. §§ 1331,

24

1343.  All Defendants have been served with the amended complaint, and they filed an answer on

25

March 5, 2025.

26

**2.     Facts**

27

This case concerns the policies and practices by which Humboldt County enforces its local

28

ordinances against landowners whom the County suspects of growing commercial cannabis

without a permit.  Under the County code, any land-use that facilitates illegal cannabis cultivation is a "Category 4" violation that carries an administrative civil penalty of up to $6,000 in daily fines per violation.  Those fines begin to accrue 10 days after the County provides a notice of violation, and they continue to run for 90 days.

Plaintiffs allege that Humboldt issues notices of violation without probable cause. Plaintiffs also allege that the County relies on satellite images and past owner violations to issue violations, assuming that unpermitted development on the property must have been completed to grow cannabis.  According to Plaintiffs' complaint, the notice of violation does not identify which portion of the property is in violation; it does not tell the accused when the 10-day clock begins to run; and the penalty becomes final unless the accused timely appeals.  The County denies all of these allegations, and maintains that the County Code, its administrative process, and the issuance of notices all comply with the law.

Plaintiffs also challenge the timeframe in which the County schedules administrative hearings, the fines imposed by the County, and the administrative process generally leading up to the compliance hearing.

Plaintiffs are residents of the County who have been issued violations based at times on satellite photos or conduct of previous property owners.

**3.    Legal Issues**

Plaintiffs alleged that Humboldt's cannabis-abatement program violated the Constitution in five ways: (1) procedural due process; (2) substantive due process; (3) the unconstitutional-conditions doctrine; (4) the Excessive Fines Clause; and (5) the right to a jury in cases at common law.

After this Court dismissed Plaintiffs' complaint, the Ninth Circuit reversed.  The Ninth Circuit resolved several disputes of law and held that Plaintiffs stated four claims for relief: (1) procedural due process; (2) substantive due process; (3) unconstitutional conditions; and (4) excessive fines.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

The Ninth Circuit also recognized, as Plaintiffs conceded, that Supreme Court precedent forecloses Plaintiffs' Seventh Amendment claim. Plaintiffs are petitioning the Supreme Court for certiorari solely on that Seventh Amendment issue on May 15, 2025.

**4.     Motions**

There are no motions pending or planned in this Court. Plaintiffs are planning to file a petition for writ of certiorari with the Supreme Court on May 15, 2025, on the sole issue of whether the 14th Amendment incorporated the 7th Amendment's civil-jury right against the states. That petition does not affect this Court's jurisdiction over the remaining claims, *Marrese v. Am. Acad. of Orthopaedic Surgeons*, 470 U.S. 373, 379 (1985), and should not in any way delay proceedings in this Court.

The County anticipates filing a motion for summary judgment after the close of discovery. The County will also challenge Plaintiffs' request for a jury trial, since the relief sought here is equitable in nature, and the minimal monetary award improperly sought is incidental or intertwined with the requested declaratory and injunctive relief. *See Tull v. United States*, 481 U.S. 412, 417 (1987).

**5.     Amendment of Pleadings**

Plaintiffs do not plan to amend their pleadings unless they need to conform their allegations to new information learned in discovery.

**6.     Evidence Preservation**

The parties have reviewed the ESI Guidelines. They have also met and conferred and are taking reasonable and proportionate steps to preserve ESI. Specifically, the parties have agreed to stop any automatically scheduled or pre-planned functions to delete electronically stored information, including that on the cell phones of the parties and their agents. Counsel for all parties have issued their clients discovery hold letters and verbally explained the need to avoid spoliation.

**7.    Disclosures**

The parties have not yet made initial disclosures.  The parties will do so by June 23, 2025.

**8.    Discovery**

The parties have not yet opened discovery.  The parties propose the following discovery plan and deadlines:

a.    Discovery will be needed by Plaintiffs on the County's enforcement of its cannabis-abatement program, including records of investigations, enforcement actions, and threatened enforcement; records of compliance agreements; records relating to enforcement priorities; and communications among County employees and with the public.  Additionally, the County expects discovery into Plaintiffs' property interests and acquisition of their properties; the timing and circumstances of Plaintiffs' knowledge of cannabis related activity and infrastructure on their properties; the timing of Plaintiffs' receipt and knowledge of the County's code enforcement actions; Plaintiffs' actions and communications in response to the violations on their properties and in response to the County's notices of violation and to abate; any documents in Plaintiffs' possession relating to their code enforcement actions; and any damages or harm Plaintiffs claim.

b.    No phasing of discovery is necessary.  The parties propose that discovery should close approximately 9 months after the case management conference, as reflected in the proposed case schedule below.

c.    Maximum number of interrogatories: 25 per side (must be served at least 30 days before close of discovery; responses due within 30 days of service).

d.    Maximum number of requests for admission: 25 per side (must be served at least 30 days before close of discovery; responses due within 30 days of service).

e.    Maximum number of depositions: 15 per side (limited to 7 hours each).

**9.    Class Actions**

Plaintiffs will move to certify their class action within 21 days of the close of discovery.

**10.    Related Cases**

To the parties' knowledge, there are no related cases.

**11.    Relief**

Plaintiffs seek declaratory and injunctive relief, plus compensatory and nominal damages. Specifically, they ask that the court declare that Humboldt County's cannabis-abatement program violates (1) procedural due process; (2) substantive due process; (3) the unconstitutional-conditions doctrine; and (4) the Excessive Fines Clause. They seek to enjoin the program on all four of those bases.

As for damages, Plaintiffs seek $795.92 in either compensatory damages or restitution for Blu Graham. Each Plaintiff also seeks nominal damages for the retrospective harm to their constitutional rights.

**12.    Settlement and ADR**

The parties have agreed to engage in the Early Neutral Evaluation plan for ADR. The parties propose October 6, 2025, as the deadline to complete ENE and submit an ADR report to this Court.

Separately, the parties have already engaged in negotiation discussions outside of the ADR process. They will update the Court if those negotiations prove fruitful.

**13.    Other References**

This case is not suitable for reference to binding arbitration, a special master, or multidistrict litigation.

**14.    Narrowing of Issues**

The Ninth Circuit's resolution of Plaintiffs' appeal has narrowed the issues.

**15.    Expedited Trial Procedure**

At this time, the parties do not agree to the Expedited Trial Procedure of this Court.

**16.    Scheduling**

The parties propose the following schedule:

| Trial (Plaintiffs: 6-10 day jury trial; Defendants: 3-4 day bench trial) | Monday, February 15, 2027 |
| --- | --- |

| Pretrial conference | Monday, January 11, 2027 |
| --- | --- |
| Dispositive motions heard | Wednesday, November 4, 2026 |
| Expert discovery cutoff | Tuesday, June 30, 2026 |
| Expert rebuttal | Monday, June 1, 2026 |
| Expert disclosure | Friday, May 1, 2026 |
| Fact discovery cutoff | Wednesday, April 1, 2026 |
| Exchange of initial disclosures | Monday, June 23, 2025 |

**17.    Trial**

Plaintiffs request a jury trial and estimate a length of six to ten days.  The County will challenge Plaintiffs' request for a jury trial, since the relief sought here is equitable in nature, and the minimal monetary award improperly sought is incidental or intertwined with the requested declaratory and injunctive relief.  *See Tull v. United States*, 481 U.S. 412, 417 (1987).  The County requests a three-to-four-day bench trial.

**18.    Disclosure of Non-party Interested Entities or Persons**

Plaintiffs filed their Certification of Interested Entities or Persons pursuant to Civil L.R. 3-15 on October 6, 2022.  See Dkt. 8.  In addition to Plaintiffs, the Certification disclosed Jessica Modic and all members of the putative class brought pursuant to 28 U.S.C. § 23(b)(2) who share an interest in the claims for injunctive and declaratory relief that Plaintiffs have brought on their behalf.

The disclosure requirements of Civil L.R. 3-15 do not apply to Defendants.

**19.    Professional Conduct**

The attorneys for the parties have reviewed this Court's Guidelines for Professional Conduct.

**20.    Other**

At this time, the parties do not believe there are any other matters that relate to the just, speedy, and inexpensive disposition of this matter.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Dated: May 15, 2025                    /s/ *Jared McClain*

Jared McClain* (DC Bar No. 1720062)
INSTITUTE FOR JUSTICE
901 N. Glebe Rd., Suite 900
Arlington, VA 22203
T: (703) 682-9320
jmcclain@ij.org

Derek M. Mayor (CA Bar No. 307171)
500 Capitol Mall, Suite 1800
Sacramento, CA 95814
T. (916) 329-4703
F. (916) 441-3583
derek.mayor@pillsburylaw.com

Dated: May 15, 2025                    /s/ *Pamela K. Graham*

Pamela K. Graham (Cal. Bar No. 216309)
COLANTUONO, HIGHSMITH & WHATLEY,
PC
670 West Napa Street, Suite F
Sonoma, CA 95476
T:  (213)542-5702
pgraham@chwlaw.us

CASE MANAGEMENT ORDER

The above JOINT CASE MANAGEMENT STATEMENT & PROPOSED ORDER is approved as the Case Management Order for this case and all parties shall comply with its provisions. [In addition, the Court makes the further orders stated below:]

IT IS SO ORDERED.

Dated: _____

_____
UNITED STATES DISTRICT/MAGISTRATE
JUDGE